UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDERSON KILL P.C., <br><br> Plaintiff, <br><br> - against - <br><br> CATEGORY V BIOTECH, INC. F/K/A 4CABLETV INTERNATIONAL INC., <br><br> Defendant. | Civil Action No. <br> _____ <br><br> **COMPLAINT AND JURY TRIAL DEMAND** |

Plaintiff Anderson Kill P.C. ("Anderson Kill"), by its undersigned counsel, for its Complaint against Category V Biotech, Inc. f/k/a 4CableTV International Inc. ("4Cable" or "Defendant")[1], alleges as follows:

## NATURE OF THE ACTION

1. This is a straightforward action for the recovery of legal fees. Anderson Kill brings this proceeding against Defendant for its failure to pay Anderson Kill under the terms of an agreement between Anderson Kill and Defendant by which Anderson Kill provided legal services to Defendant and Defendant agreed to pay for those services. Defendant has failed to pay Anderson Kill for legal services that it requested and for which it agreed to pay, after receiving detailed invoices for the amounts outstanding, to which no objections were raised.

## THE PARTIES

2. Plaintiff Anderson Kill P.C. is a law firm located in New York, New York. Anderson Kill is a domestic professional service corporation organized and existing under the laws of the State of New York.

---

[1] Defendant changed its name in December of 2023.

3.	Upon information and belief, Defendant Category V Biotech, Inc. f/k/a 4CableTV International Inc. is a corporation organized and existing under the laws of the State of Florida, having its principal place of business at 23100 SW 192 Ave., Unit B, Miami Florida 33170.

## JURISDICTION AND VENUE

4.	This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties as Anderson Kill is organized under the laws of New York and has its principal place of business in New York, NY.  Defendant is domiciled under the laws of the Florida and has its principal place of business in Florida, and the amount in controversy exceeds the sum or value of $75,000.  Personal jurisdiction is established because, among other things, Defendant and its agents:

(a)	have transacted business in New York; and

(b)	have made, issued, and delivered contracts in New York, including the relevant contract under which this litigation is being pursued.

5.	Venue of this action in is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims of Anderson Kill occurred in New York County, including Defendant's failure to pay for Anderson Kill's services.  Venue is also proper because Defendant transacted business in New York County.

## FACTUAL BACKGROUND

6.	On or about June 23, 2021, Defendant entered into a contractual relationship for the provision of legal services from Anderson Kill by executing a letter engagement agreement (the "Engagement Agreement").  A copy of the Engagement Agreement is annexed hereto as **Exhibit A**.  It was agreed that the Engagement Agreement was to be governed by the laws of the State of New York.

7. Pursuant to the Engagement Agreement, Defendant retained Anderson Kill to represent them in the matter specified therein, including representation in a litigation in the Southern District of New York (the "Matter").

8. In the Engagement Agreement, Defendant agreed to pay Anderson Kill's fees and disbursements based on the hourly rates set forth therein.

9. In the Engagement Agreement, Defendant agreed to pay Anderson Kill's monthly bills for time charges and disbursements within thirty days.

10. Since the inception of the engagement, Anderson Kill sent invoices to Defendant on a monthly basis. Among other things, each invoice included an itemized "description of services" rendered for a given billing period. Each invoice included a cover page listing the "Total Amount," and this amount was also listed at the end of the invoice, following the itemized description of services, under the heading "Total Current Billing."

11. Defendant regularly received these invoices.

12. Since September 2021, Defendant failed to pay Anderson Kill in accordance with the invoices and the Engagement Agreement.

13. Defendant did not state objections to particular time entries or amounts invoiced by Anderson Kill.

14. A statement of account dated July 4, 2024, is attached as **Exhibit B**, itemizing unpaid invoices dating from September 28, 2021, to June 22, 2022, with the total principal amount of $147,777.84 outstanding (the "Outstanding Principal").

15. Defendant has not paid any of the overdue invoices.

16. Defendant also owes interest on the Outstanding Principal pursuant to the Engagement Agreement's provision for interest on bills that remain outstanding for more than thirty days.

17. Anderson Kill has made multiple attempts to collect the outstanding amount it is due and owed.

18. In total, Anderson Kill is entitled to a sum certain in the amount of Outstanding Principal plus interest accruing from thirty days after the date of each unpaid invoice pursuant to the Engagement Agreement.

## FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT

19. Anderson Kill repeats and re-alleges the allegations of the foregoing paragraphs as though set forth fully herein.

20. The parties, pursuant to the Engagement Agreement and their subsequent course of conduct, established a contractual relationship whereby Anderson Kill provided legal services for Defendant and Defendant agreed to pay for such services.

21. At all times relevant to this dispute, all parties were of sound mind and maintained the legal capacity to contract.

22. At all times relevant to this dispute, all parties assented to the terms of the contract.

23. At all times relevant to this dispute, there was consideration for Defendant's contract and obligations because Anderson Kill provided legal services to Defendant at Defendant's express request.

24. Defendant failed to pay Anderson Kill the amounts due under the Engagement Agreement.

25. Such failure by Defendant to pay for legal services constitutes a breach of contract.

26. Anderson Kill has fulfilled all conditions and satisfied all obligations imposed by the contractual relationship.

27. As a result of Defendant's breaches, Anderson Kill is entitled to recover damages from Defendant in the amount of the Outstanding Principal, together with interest accrued and accruing on the Outstanding Principal thereon through the date of judgment, plus reasonable costs, fees and expenses incurred by Anderson Kill in connection with this action.

## SECOND CLAIM FOR RELIEF
## ACCOUNT STATED

28. Anderson Kill repeats and re-alleges the allegations of the foregoing paragraphs as though set forth fully herein.

29. The parties, through their agreement and course of conduct, established a debtor and creditor relationship as to the legal services rendered and the resulting invoices for such services.

30. Anderson Kill sent invoices to Defendant in the amounts shown on **Exhibit B** hereto.

31. Defendant failed to raise any objections to any time entries or the amounts in these invoices submitted by Anderson Kill for legal services in connection with the Matter and failed to pay the invoices.

32. In failing to object within a reasonable time, Defendant precluded Anderson Kill from answering or responding to any potential objections or problems by, for example, reducing or modifying the work requested or even obtaining substitute counsel for Defendant.

33. By reason of the foregoing, an account stated exists with respect to the Outstanding Principal due under Anderson Kill's invoices submitted to Defendant. Anderson Kill is entitled to Defendant's' immediate payment, with interest, of all amounts due thereunder.

## THIRD CLAIM FOR RELIEF
### QUANTUM MERUIT

34. Anderson Kill repeats and re-alleges the allegations of the foregoing paragraphs as though set forth fully herein.

35. Anderson Kill provided legal services and representation in good faith to Defendant at the specific request of Defendant and with the reasonable expectation of being compensated therefore.

36. Defendant accepted the legal services without objection.

37. The reasonable value of the legal services provided by Anderson Kill to Defendant is at least the amount of the Outstanding Principal.

38. By reason of the foregoing, Anderson Kill has been damaged and is entitled to recover from Defendant the total amount of at least the Outstanding Principal, plus additional interest accrued and accruing thereon.

**WHEREFORE**, Anderson Kill demands judgment against Defendant as follows:

(a) An award of compensatory damages;

(b) An award of reasonable attorneys' fees and costs;

(c) An award of pre-judgment and post-judgment interest and costs, as provided by law;

(d) An award of consequential damages as provided by law; and

(e) Such other relief as the Court may deem just and proper.

docs-100707214.1

## JURY TRIAL DEMAND

Anderson Kill hereby demands trial by jury of any and all issues so triable.

Dated: July 2, 2024

Anderson Kill P.C.

By: /s/ Keith A. Lazere
Keith A. Lazere
Anderson Kill P.C.
1251 Avenue of the Americas
New York, New York 10020
Phone: 212-278-1500
klazere@andersonkill.com